UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FERNANDO CANTRES, JR.,

    Plaintiff,

v.                                          Case No. 3:17cv668/MCR/CJK

JULIE L. JONES, et al.,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Fernando Cantres, Jr., DC # T11274, is a Florida inmate presently confined at Santa Rosa Correctional Institution. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2), and a motion for appointment of counsel (doc. 3). Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of the following prior federal civil actions and prior federal appeal filed by plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Cantres v. Coats*, Case No. 8:09-cv-02414-VMC-EAJ, Doc. 3 (M.D. Fla. Dec. 3, 2009) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff

while incarcerated at the Pinellas County Jail); *Cantres v. Bailey*, Case No. 8:09-cv-02528-SDM-TBM, Doc. 3 (M.D. Fla. Dec. 21, 2009) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated at the Pinellas County Jail); *Cantres v. Philipson*, Case No. 8:10-cv-00407-VMC-EAJ, Doc. 4 (M.D. Fla. Feb. 19, 2010) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated at the Pinellas County Jail); *Cantres v. Bailey*, No. 10-14410-F (11th Cir. Feb. 3, 2011) (dismissing as frivolous plaintiff's appeal, filed while incarcerated, from the judgment dismissing his civil rights action in Case No. 8:09-cv-02168-EAK-MAP (M.D. Fla. Aug. 20, 2010)). The foregoing cases may be positively identified as having been filed by plaintiff, because he acknowledges them in his complaint. (*See* Doc. 1, pp. 4-11).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations. Plaintiff alleges that prison officials are violating his constitutional right to freely exercise his religion by denying him certain religious items. (Doc. 1). Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this suit, this case should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 3) is DENIED.

And it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of September, 2017.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.